**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES GONZALES,

        Petitioner - Appellant,

v.

JOE R. WILLIAMS, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 02-2291
(D.C. No. CIV-02-105-WJ/LFG)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on James Gonzales' *pro se* application for a certificate of appealability ("COA"). Gonzales seeks a COA so that he can appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order in a proceeding under § 2254 unless the petitioner first obtains a COA). The district court dismissed Gonzales' petition with prejudice on the ground that it was filed well outside the limitations period set out in 28 U.S.C. § 2244(d)(1) and that Gonzales had failed to demonstrate the "rare and exceptional circumstances" necessary to qualify for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted).

To be entitled to a certificate of appealability, Gonzales must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Because the district court denied Gonzales' § 2254 petition on procedural grounds, Gonzales can only make the requisite showing by demonstrating both of the following: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Gonzales has not demonstrated that the district court's

procedural ruling is reasonably debatable, this court denies his request for a COA

and dismisses this appeal.

On appeal, Gonzales does not contest the district court's conclusion that his

habeas petition was filed outside of the § 2244(d)(1) limitations period. Instead

he asserts in conclusory fashion that he is entitled to equitable tolling for the

following reason:

> At the time Petitioner was transferred to the state of Arizona,
> his direct appeal was pending. There was no law library in Arizona
> for New Mexico state prisoners. Once Petitioner was transferred
> back to the state of New Mexico at another private facility
> (Wackenhut) there was not a law library because this facility was still
> under construction.

Petitioner's Brief at 7. As noted by the district court, however, this court has held

that bare allegations of denial of access to a law library are not sufficient,

standing alone, to entitled a petitioner to equitable tolling. *See, e.g.*, *Miller v.*

*Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Instead, a petitioner must come

forward with evidence regarding the steps he took to diligently pursue his

remedies during the time that he was deprived of access to legal materials.

Furthermore, as noted by the district court, Gonzales was able to prepare, have

notarized, and file his first state petition for post-conviction relief while

incarcerated in Arizona. Against this background, he has offered no explanation

why he waited almost two and one-half years after his return to New Mexico to

file his second state petition for post-conviction relief, or why he waited well over

-3-

three and one-half years to file the instant § 2254 petition. Gonzales' conclusory allegations regarding lack of access to a law library are insufficient to justify equitable tolling. Accordingly, for substantially those reasons set out in the magistrate judge's report and recommendation, adopted by the district court in its October 3, 2002 order, this court **DENIES** Gonzales' request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge