FILED
United States Court of Appeals
Tenth Circuit

July 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK ANTHONY TROUTT,

     Petitioner - Appellant,

v.

JUSTIN JONES, Director,

     Respondent - Appellee.

No. 08-6055
(D.C. No. 07-CV-01062-D)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Petitioner-Appellant Mark Anthony Troutt was convicted of distribution of a controlled dangerous substance (cocaine) after five previous felony convictions and sentenced to 35 years' imprisonment. On March 31, 2006, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction. Mr. Troutt attempted to obtain state post-conviction relief, but his application was stricken for failure to follow local rules.

Proceeding pro se, Mr. Troutt filed a habeas petition pursuant to 28 U.S.C. § 2254, raising thirteen grounds for relief. He first claimed that the striking of his state application for post-conviction relief violated his due process and equal protection rights. His remaining claims alleged, <u>inter alia</u>, ineffective assistance

of trial and appellate counsel with respect to the pretrial investigation, trial, and sentence. The magistrate judge issued a detailed 16-page report and recommendation concluding that Mr. Troutt's first claim should be dismissed for failure to state a cognizable claim for habeas relief, that the remaining claims should be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) or, alternatively, for failure to exhaust state remedies, and that his pending motions should be denied. The district court adopted the magistrate judge's recommendation, dismissed the habeas petition, and denied the pending motions.

Mr. Troutt now seeks a certificate of appealability ("COA") to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A). With respect to the first claim, which the district court rejected on the merits, we may issue a COA only if Mr. Troutt makes "a substantial showing of the denial of a constitutional right," id. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000). With respect to his remaining claims, which were dismissed on procedural grounds, we may issue a COA only if he makes a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Based upon our independent review of the record, and for substantially the same reasons given by the magistrate judge and adopted by the district court, we conclude that no reasonable jurist could debate the correctness of the district court's rulings.

Mr. Troutt raises four additional arguments on appeal, one of which claims that his habeas petition is not time-barred because the limitations period runs from when the state court mandate was issued, not from when the state court's judgment was entered. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), a conviction is final when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted). The time for filing a petition with the Supreme Court is 90 days after entry of the state court judgment, see Sup. Ct. R. 13(1), which runs from the date of the entry of the judgment, not from the issuance date of the mandate, see Sup. Ct. R. 13(3).

Mr. Troutt also argues his petition is timely because "the time was tolled during all proceedings." The only "proceeding" that could have tolled the limitations period was Mr. Troutt's state post-conviction proceeding. 28 U.S.C. § 2244(d)(2). However, as the magistrate judge and district court properly concluded, that time cannot be tolled here because the state court determined that

Mr. Troutt's post-conviction application was not "properly filed." Id.; see Burger v. Scott, 317 F.3d 1133, 1139 (10th Cir. 2003) (explaining that we look to state procedural law to determine whether state petition is "properly filed").

Mr. Troutt's remaining claims, at best, amount to due-process challenges to Oklahoma's post-conviction procedures and therefore do not state constitutional claims cognizable in a federal habeas proceeding. United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006).

Petitioner's request for a COA is DENIED and his appeal is DISMISSED. Petitioner's motion for appointment of counsel is DENIED. Petitioner is relieved of any obligation to pay the appellate filing and docketing fees as the district court granted Petitioner's motion to proceed IFP on appeal and 28 U.S.C. § 1915(b)(1) does not apply to habeas proceedings. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -