FILED
United States Court of Appeals
Tenth Circuit

October 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LYNN E. SCOTT,

      Petitioner-Appellant,

v.

KEVIN MILYARD,[*] Warden S.C.F.,

      Respondent-Appellee.

No. 09-1276
(D.C. No. 07-cv-02365-WDM-MJW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Lynn Eugene Scott, a Colorado state prisoner appearing pro se, applies for

a certificate of appealability ("COA") to challenge the district court's denial of

his amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

---

[*]     We take judicial notice that the last name of the Warden at Sterling Correctional Facility is "Milyard" rather than "Millard" (the latter name appearing on our docket sheet for this case). The captions on the parties' appellate filings evince the true state of affairs, and we accordingly amend the caption here to conform to this fact.

[**]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(the "petition").[1]  He also moves for leave to proceed *in forma pauperis* on appeal.  We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A).  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) applies when the state habeas petitioner proceeds under § 2241).  For the reasons set forth below, we deny Mr. Scott's request for a COA, deny his motion to proceed *in forma pauperis*, and dismiss his appeal.

## BACKGROUND

In the petition, Mr. Scott argues that the Colorado State Board of Parole ("Board") violated his procedural and substantive due process rights. Specifically, he appears to allege that the Board (1) rescinded his parole without a hearing, (2) delayed his release on parole, and (3) revoked his parole for more than the authorized amount of time.  This matter was referred to a magistrate judge for initial proceedings, pursuant to 28 U.S.C. § 636(b)(1).  The magistrate judge recommended that the district court deny and dismiss Mr. Scott's petition. Mr. Scott filed an objection to this recommendation, arguing that he has a right to be released under the Colorado mandatory parole statute.  He also claimed that the Board violated his federal due process rights by rescinding his parole without a hearing, delaying his release, and setting conditions on his release without the requisite authority.  Upon de novo review, the district court adopted the

---

[1]     Mr. Scott filed a pro se motion for a certificate of appealability ("COA") and opening brief.  We construe these pro se filings liberally.  *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

recommendation and denied Mr. Scott's petition.

The district court concluded that Mr. Scott could not make out a procedural or substantive due process claim. In particular, the district court adopted the magistrate judge's finding that Mr. Scott has no due process right to parole because the grant of parole is wholly discretionary under the relevant Colorado statutory scheme. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 11-12 (1979); *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994); *see* Colo. Rev. Stat. § 17-2-201(4)(a), (9)(a). Although Mr. Scott claimed that he was entitled to "mandatory parole" under Colorado law, the district court noted that the Board based its parole decision on statutory provisions governing the discretionary release of a prisoner before the end of the prisoner's imposed term of incarceration.[2] The district court also found that the Board had not violated Mr. Scott's due process rights when it rescinded his parole without a hearing because it had not established an "actual release date," meaning that Mr. Scott had "no concrete expectation of release and no liberty interest protected by due process." R., Vol. 1 at 192.

Furthermore, the district court concluded that Mr. Scott had no due process

---

[2]     The district court also explained that "mandatory parole" under Colorado law "is mandatory in the sense that it is required to be included in a sentence involving imprisonment, not that release is mandated before the term of imprisonment is completed." R., Vol. 1 at 191 (Order on Recommendation of Magistrate Judge, dated May 11, 2009 (citing *People v. Perea*, 74 P.3d 326, 333-34 (Colo. Ct. App. 2002)).

rights because his grant of parole was "contingent upon [his] successful completion of the reentry program." *Id.* at 191. Although Mr. Scott alleged that a due process violation arose from the delay in his release, the district court found that "[n]othing in the statute requires that an inmate be released immediately upon the issuance of a decision granting parole or otherwise restricts the board's discretion in this regard." *Id.* at 191-92. The district court also noted that the Board acted within its statutory authority to establish preparole facilities and programs, as well as to impose conditions on the grant of parole. Finally, the district court found that the Board had the authority to extend Mr. Scott's reincarceration period following the revocation beyond the 180-day reincarceration period typically imposed on parolees after revocation. The district court subsequently denied Mr. Scott's motion to reconsider its order.

The district court denied Mr. Scott's request for a COA and his motion to proceed *in forma pauperis* on appeal. This application for a COA and motion for leave to proceed *in forma pauperis* followed.

## DISCUSSION

### I.    Certificate of Appealability

"A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA only if Mr. Scott "has made a substantial showing of the denial of a constitutional right." *United States v. Silva*,

430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). To make this showing, Mr. Scott must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted).

In evaluating a request for a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* We instead undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Although Mr. Scott is not required to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

We have reviewed Mr. Scott's appellate filings, the magistrate judge's recommendation, the district court's order, and the entire record on appeal, pursuant to the framework established in *Miller-El*. The district court's resolution of the petition is not reasonably subject to debate. Furthermore, Mr. Scott has not raised any claims that are adequate to deserve further proceedings. Thus, Mr. Scott has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.

## II. Motion to Proceed *In Forma Pauperis*

We also deny Mr. Scott's motion to proceed *in forma pauperis*. To qualify

for *in forma pauperis* status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)) (internal quotation marks omitted). Although the district court previously allowed Mr. Scott to proceed *in forma pauperis*, it denied his motion for leave to proceed *in forma pauperis* on appeal. The district court found that "the appeal is not taken in good faith because [Mr. Scott] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R., Vol. 1 at 209 (Order Denying Leave to Proceed *In Forma Pauperis* on Appeal, dated July 7, 2009). We agree with the district court that Mr. Scott's arguments are not well reasoned and fail to demonstrate an absence of frivolity.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Scott's application for a COA, **DENY** his motion to proceed *in forma pauperis*, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge