FILED
United States Court of Appeals
Tenth Circuit

June 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK ANTHONY TROUTT,

       Petitioner-Appellant,

v.

JUSTIN JONES, Director,

       Respondent-Appellee.

No. 10-6054
(D.C. No. 5:09-CV-01348-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **EBEL**, and **MURPHY**, Circuit Judges.

Mark Anthony Troutt, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas application for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Troutt was convicted of distribution of a dangerous controlled substance (cocaine) in Case No. CF-2001-6216, District Court of Oklahoma County, Oklahoma. In September 2007, he filed a federal § 2254 habeas application. The court dismissed the application because the first claim failed to state a claim for relief under § 2254 and the remaining claims were time-barred under the one-year filing limitation of 28 U.S.C. § 2244(d). *Troutt v. Jones*, No. 07-CV-1062-D, slip op. at 1 (W.D. Okla. Feb. 21, 2008). This court denied a COA and dismissed the appeal. *Troutt v. Jones*, 288 F. App'x 452, 454 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1583 (2009). After concluding a round of new postconviction proceedings in Oklahoma state court, Troutt filed a second § 2254 application. Noting that he had already pursued one § 2254 application and that he had not obtained authorization from this court to file another one, the district court dismissed the application for lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). *Troutt v. Jones*, No. 09-CV-01348-D, slip op. at 3 (W.D. Okla. Jan. 28, 2010). In making its decision, the court decided against transferring the matter to this court. *See id.* at 2. This appeal follows.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas application on procedural grounds, we will issue a COA only when the

-2-

district court's procedural ruling is reasonably debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An applicant must obtain this court's authorization before filing a second or successive § 2254 application. 28 U.S.C. § 2244(b)(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Troutt pursued federal habeas relief from this criminal conviction in district court case No. 07-CV-1062-D. Although he argues that No. 07-CV-1062-D never reached the merits of his issues, a dismissal for untimeliness counts as a first habeas application for purposes of determining whether any subsequent application is second or successive. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir.1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"). Thus, No. 09-CV-1348-D is a second or successive application, and Troutt must gain this court's authorization to file it. He did not do so.

Under these circumstances, the district court may transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *See Cline*, 531 F.3d at 1252. After concluding that a transfer was not in the interest of justice, the district court dismissed the matter. Nothing before us indicates that any reasonable jurist would disagree with either determination.

We GRANT Troutt's request to proceed without prepayment of costs or fees on appeal. We DENY the application for a COA and DISMISS the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk