**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK ANTHONY TROUTT,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 13-6223
(D.C. No. 5:13-CV-00540-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner Mark Anthony Troutt, an Oklahoma prisoner proceeding pro se, is currently serving a sentence for distribution of cocaine. He seeks a certificate of appealability to appeal the district court's dismissal of his most recent request for § 2254 habeas relief.

Petitioner filed his first § 2254 habeas petition in September 2007. The federal district court dismissed the petition, *Troutt v. Jones*, 2008 WL 490614 (W.D. Okla. Feb. 21, 2008) (unpublished decision), and this court denied Petitioner's subsequent request for a certificate of appealability and dismissed the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, *Troutt v. Jones*, 288 F. App'x 452 (10th Cir. 2008). Petitioner filed a second request for § 2254 federal habeas relief in December 2009. The federal district court dismissed that petition for lack of subject matter jurisdiction because Petitioner failed to acquire prior authorization from this court to file a second or successive petition pursuant to 28 U.S.C. §2244(b)(3)(A). *Troutt v. Jones*, 2010 WL 415297 (W.D. Okla. Jan. 28, 2010). Once again, this court denied Petitioner's subsequent request for a certificate of appealability and dismissed the appeal. *Troutt v. Jones*, 382 F. App'x 691 (10th Cir. 2010).

The record indicates Petitioner again failed to seek prior authorization from this court to file a successive petition before filing his most recent § 2254 habeas petition, the dismissal of which now prompts his present request for a certificate of appealability. Petitioner's failure to acquire prior authorization before filing his most recent § 2254 habeas petition precludes him from proceeding with the petition, *see* 28 U.S.C. § 2244(b)(3)(A). We accordingly conclude he is not entitled to a certificate of appealability to appeal the dismissal of his habeas petition. We therefore DENY Petitioner's application for a certificate of appealability and DISMISS the appeal. Because we deny the certificate of appealability on this ground, we need not consider the issue of the applicability of

the firm waiver rule to Petitioner's case.  However, we GRANT Petitioner's request to proceed without prepayment of costs or fees on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge