**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BERNARD A. CLINE,

      Petitioner - Appellant,

v.

WARDEN DAN SCHNURR,

      Respondent - Appellee.

No. 16-3049
(D.C. No. 5:14-CV-03159-JTM-DJW)
(D. Kansas)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Petitioner-Appellant Bernard A. Cline, a Kansas state prisoner proceeding pro se,

seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Because Mr. Cline is proceeding pro se, we construe his filings liberally, *see Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "but our role is not to act as his

advocate," *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Exercising

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Cline's application

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for a COA and dismiss his appeal. As the district court correctly determined, Mr. Cline's petition was untimely filed, and he is not entitled to equitable tolling.

## I.    BACKGROUND

On June 11, 2009, Mr. Cline was found guilty of premeditated first-degree murder. He was later sentenced to life imprisonment, without the possibility of parole for twenty-five years. On August 17, 2012, the Kansas Supreme Court affirmed Mr. Cline's conviction. On August 5, 2013, Mr. Cline challenged the constitutionality of his conviction in a motion for post-conviction relief, which the state district court denied on January 15, 2014. Mr. Cline did not appeal.

On August 27, 2014, Mr. Cline filed a motion under § 2254 in the United States District Court for the District of Kansas, arguing only that he had asserted his right to remain silent but that the police "pressed on." The court then ordered the state to show cause as to why Mr. Cline's petition should not be granted. The state responded that the petition was time-barred, and the district court agreed. On October 19, 2015, the court dismissed Mr. Cline's petition and denied his request for a COA. On November 4, 2015, Mr. Cline filed a motion in the district court, arguing the dismissal violated his right to due process because he was "not afforded the right to properly exhaust his State Appellate Court procedures." The district court denied this motion as well, treating it as a motion to alter or amend judgment under Rule 59(e).

Mr. Cline timely appealed. He also sought leave to proceed in forma pauperis (IFP), which the district court denied. He has filed a combined merits brief and

2

application for a COA in this court, and he has also renewed his request to proceed IFP.

## II. DISCUSSION

Due to the untimeliness of Mr. Cline's petition, we deny his application for a COA and dismiss his appeal. A state prisoner must obtain a COA as a jurisdictional prerequisite to challenge a federal district court's denial of habeas corpus relief. 28 U.S.C. § 2253(c)(1)(A); *United States v. Harper*, 545 F.3d 1230, 1233–34 (10th Cir. 2008). Where, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Mr. Cline's petition was time-barred. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from the latest of" four dates, as applicable, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). "[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United

States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted). And the time period is tolled thereafter while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Although the district court miscalculated the expiration of the limitation period,[1] Mr. Cline's habeas petition was nonetheless filed well outside the appropriately calculated limitation period. The Kansas Supreme Court affirmed Mr. Cline's conviction on August 17, 2012, and he did not seek certiorari from the United States Supreme Court, so the time period for his habeas petition began to run on November 16, 2012, the day after the period in which to file a petition for certiorari expired. *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (explaining that limitation period "does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed"); *see also* Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari . . . is timely filed when it is filed . . . within 90 days after entry of the judgment."). Because he did not file a motion for post-conviction relief until August 5, 2013, 262 days had accrued toward

---

[1] The district court calculated that 353 days toward the limitations period accrued between November 15, 2012 (the day the Kansas Supreme Court decision became final), and August 5, 2013 (the day Mr. Cline filed his motion for post-conviction relief); the court also excluded from its calculation the thirty-day period after the denial of his state post-conviction motion, in which he was permitted to appeal. As discussed below, these calculations are not completely accurate, but the district court did correctly conclude that Mr. Cline's current petition is untimely.

the one-year limitation period. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) ("[A] state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved.")

Mr. Cline's motion was denied on January 14, 2014, and because he did not appeal, the denial became final on February 13, 2014. *See* Kan. Stat. Ann. § 60-2103(a) ("When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment . . . ."); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."). The time period therefore began to run again on February 14, 2014, and it continued for an additional 102 days through May 26, 2014. Mr. Cline did not file his habeas petition until three months later, on August 27, 2014.

On appeal, Mr. Cline appears to argue for equitable tolling of the limitations period, claiming myriad impediments prevented him from timely filing his § 2254 petition. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted). A petitioner must also diligently pursue his claims; "[s]imple excusable neglect is not sufficient." *Id*. Foremost, Mr. Cline claims his illiteracy, which was confirmed in his pre-trial competency evaluation, prevented him from timely filing. But as the district court correctly recognized, "a prisoner's illiteracy is insufficient to toll the statute of limitations." *Yang v. Archuleta*, 525 F.3d 925, 929 n.7 (10th Cir. 2008) (listing

5

cases). He claims other impediments, such as prison transfers and misinformation from the prison law library, led to his initial delay in filing his motion for post-conviction relief in the state district court. True as this may be, Mr. Cline still had 132 days to file his habeas petition after the state district court denied his motion for post-conviction relief. Absent other extraordinary circumstances, which Mr. Cline has failed to allege, his petition was time-barred. Accordingly, we dismiss this appeal and deny his request for a COA.

As a final matter, we deny Mr. Cline's motion to proceed IFP. "To qualify for *in forma pauperis* status, a petitioner must show 'a financial inability to pay the required fees' and 'a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *Scott v. Milyard*, 350 F. App'x 213, 216 (10th Cir. 2009) (unpublished) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). In denying Mr. Cline's motion to proceed IFP on appeal, the district court concluded his appeal was not taken in good faith because, despite Mr. Cline's illiteracy, he failed to take any reasonable measures to overcome his disabilities and "fail[ed] to state a convincing legal or factual basis for the appeal." In renewing his request before this court, Mr. Cline makes the same arguments as he did below. We agree Mr. Cline's arguments "are not well reasoned and fail to demonstrate an absence of frivolity," *id.*, and we therefore also deny his request to proceed IFP on appeal.

## III.    CONCLUSION

For the reasons stated above, we DENY Mr. Cline's application for a COA, we

DISMISS his appeal, and we DENY his motion to proceed IFP.

Entered for the Court


Carolyn B. McHugh
Circuit Judge