FILED
United States Court of Appeals
Tenth Circuit

September 26, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS J. DRENNAN, JR.,

Petitioner - Appellant,

v.

REX PRYOR; DEREK SCHMIDT,

Respondents - Appellees.

No. 16-3103
(D.C. No. 5:15-CV-03033-SAC-DJW)
(D. Kan)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

Pro se applicant, Thomas J. Drennan, Jr.,[1] seeks a certificate of appealability

("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 application

for a writ of habeas corpus. He also seeks leave to proceed *in forma pauperis*

("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and

dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Drennan is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I.  BACKGROUND

Mr. Drennan is incarcerated in a Kansas state prison on account of his conviction for first-degree murder.  On December 17, 2004, the Supreme Court of Kansas affirmed his conviction and his sentence of 50-years-to-life in prison.  *See State v. Drennan*, 101 P.3d 1218 (Kan. 2004).  Mr. Drennan did not petition the United States Supreme Court for a writ of certiorari.

On December 19, 2005, Mr. Drennan's retained counsel moved under Kan. Stat. Ann. § 60-1507 for post-conviction relief.  The state district court denied that motion and the intermediate appeals court affirmed.  *See Drennan v. State*, 240 P.3d 986, No. 102,090, 2010 WL 4393915 (Kan. App. Oct. 29, 2010) (unpublished).  Mr. Drennan did not seek review by the Supreme Court of Kansas.

On February 20, 2015, Mr. Drennan filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas.  He asserted claims concerning jury instructions, his Confrontation Clause rights, the length of his sentence, prosecutorial misconduct, and ineffective assistance of his counsel.

The magistrate judge concluded Mr. Drennan's application was untimely because it did not comply with the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d)(1).  The magistrate judge therefore entered a Notice and Order to Show Cause as to why the action should not be dismissed as time-barred.  Mr. Drennan responded, arguing that his application

should be considered because of several hardships, including his limited opportunities to communicate with his post-conviction counsel, his sporadic access to the prison law library, and his counsel's misrepresentation about the time remaining to file a federal habeas application.

The district court agreed with the magistrate judge and concluded Mr. Drennan's § 2254 application was untimely because the federal statute of limitations expired on March 22, 2011. *See Drennan v. Pryor*, No. 15-3033-SAC-DJW, 2016 WL 1448481, at *1-2 (D. Kan. Apr. 13, 2016). The court rejected Mr. Drennan's arguments that he was entitled to equitable tolling. *Id.* at *2-3. It held in the alternative that Mr. Drennan's petition was mixed—that is, it contained both exhausted and unexhausted claims—and therefore could have been subject to non-prejudicial dismissal for that reason as well. *Id.* at *3.[2] The court dismissed the action and declined to issue a COA. *Id.* at *4.

Mr. Drennan filed a timely notice of appeal along with a combined opening brief and application for a COA.

## II. **DISCUSSION**

### A. *COA Requirements*

A COA is a jurisdictional prerequisite to our review of Mr. Drennan's claims. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a

---

[2] Because we agree Mr. Drennan's § 2254 application was time-barred, we do not address the district court's mixed-petition rationale.

habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Issuance of a COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But when a federal district court denies a § 2254 application on procedural grounds—as happened here—the COA standard requires an applicant to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Because we may "dispose of the application in a fair and prompt manner" by resolving whichever issue presents the "more apparent" answer, *id.* at 485, we begin and end our discussion with the district court's procedural ruling.

## B. *Analysis*

Reasonable jurists could not debate that the district court was correct in ruling that Mr. Drennan's § 2254 application was untimely. Though we disagree with the district court's calculation as to when the limitations period expired, its ultimate conclusion— that Mr. Drennan's application is time-barred and equitable tolling is not warranted—is sound.[3]

---

[3] Disagreement over a timeliness calculation does not necessarily amount to a debate among jurists of reason as to the correctness of the district court's procedural ruling. When the court's ultimate ruling that an application is untimely is clearly correct,

Continued . . .

1.  **Failure to File Within One-Year Limitations Period**

AEDPA's one-year limitations period for filing a § 2254 application began to run when Mr. Drennan's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In calculating finality, the magistrate judge correctly factored in the 90 days Mr. Drennan had on direct appeal to seek a writ of certiorari from the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (explaining that, where defendant does not seek certiorari, conviction does not become "final" until time for seeking certiorari review expires); *see also* Sup. Ct. R. 13(1) (providing 90 days after entry of the judgment to file a petition for a writ of certiorari).

But the magistrate judge calculated those 90 days from January 10, 2005—the date the Supreme Court of Kansas issued its mandate. The proper starting point was December 17, 2004—the date the court issued its opinion and judgment affirming Mr. Drennan's conviction. *See* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and *not from the issuance date of the mandate . . . .*" (emphasis added)); *see also Troutt v.*

---

we will not grant a COA. *See Cline v. Schnurr*, __ F. App'x __, No. 16-3049, 2016 WL 3409973, at *2 & n.1 (10th Cir. June 16, 2016) (unpublished) (denying application for COA despite district court's miscalculation as to limitations period's expiration where petition was "nonetheless filed well outside" the properly calculated timeframe). The unpublished cases cited in this order are included for their persuasive value. *See* Fed. R. App. P. 32.1, 10th Cir. R. 32.1.

*Jones*, 288 F. App'x 452, 453 (10th Cir. 2008) (unpublished) (rejecting argument that habeas petition was timely based on calculation tethered to state court issuance of mandate).

Properly calculated, the date of finality was March 17, 2005, which means Mr. Drennan's conviction became final earlier than the magistrate judge had calculated (April 10, 2005), making his federal habeas application even more untimely.

Once Mr. Drennan's conviction became final, the one-year limitations period ran uninterrupted for 277 days until December 19, 2005, when Mr. Drennan's counsel filed a proper application for state post-conviction relief, which tolled the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing that time during which a properly filed application for state post-conviction relief is pending "shall not be counted toward" the limitations period). After the Kansas Court of Appeals denied relief, Mr. Drennan had 30 days to seek review in the Supreme Court of Kansas. *See* Kan. Sup. Ct. R. 8.03(a)(1). Even though he did not seek review, the limitations period continued to be tolled during that time. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."). Then, on November 30, 2010,[4] the one-year limitations period

_____

[4] Strictly, 30 days after October 29, 2010, was November 28, 2010, but that was a Sunday, which meant Mr. Drennan had until November 29 to seek review in the state supreme court. *See* Kan. Stat. Ann. § 60-206(a)(1)(C).

began to run again.  The remaining 88 days passed uninterrupted, and the limitations period expired on February 26, 2011.  Mr. Drennan filed his § 2254 application on February 20, 2015, about four years too late.

Though he filed additional applications for state post-conviction review between the end of the limitations period and when he filed his § 2554 application,[5] those proceedings could not toll the limitations period; it had already passed.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").  Thus, Mr. Drennan's § 2254 application—filed almost four years after the limitations period had run—was untimely.

## 2.  **Equitable Tolling Not Warranted**

Mr. Drennan argues the principles of equitable tolling excuse the delay.  Section 2244(d) "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The availability of equitable tolling turns on the applicant showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015).  On appeal, "[w]e review the district court's decision on equitable tolling for an abuse of discretion."  *United States v. Gabaldon*, 522 F.3d 1121,

_____

[5] *See, e.g.*, *Drennan v. State*, 314 P.3d 900, No. 108,756, 2013 WL 6726181 (Kan. App. Dec. 13, 2013) (unpublished).

-7-

1124 (10th Cir. 2008) (citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003)).

The district court determined Mr. Drennan failed to show entitlement to equitable tolling. *Drennan*, 2016 WL 1448481, at *2-3. Before this court, Mr. Drennan argues that his state post-conviction counsel did not adequately communicate and that he assumed his counsel would seek review in the Supreme Court of Kansas. But, as the district court explained, contemporaneous correspondence between Mr. Drennan and his lawyer reveals Mr. Drennan was aware that his post-conviction counsel would not be filing a petition for review. *Id.* at *2. Mr. Drennan does not allege he instructed his post-conviction counsel to file a petition for review or that he attempted to file a pro se petition for review. *Id.*

Mr. Drennan points to his "limited experience in law" as well as unspecified "administrative hurdles" that prevented meaningful access to the prison law library. Aplt. Br. at 2. Those allegations are insufficient to demonstrate extraordinary circumstances necessary for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (holding petitioner's alleged ignorance of AEDPA's limitations period is insufficient to warrant equitable tolling); *Gonzales v. Williams*, 60 F. App'x 245, 247 (10th Cir. 2003) (unpublished) ("[B]are allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling.").

Mr. Drennan also asserts that he sought clarification regarding timeliness for a § 2254 application from his post-conviction counsel, who allegedly sent a letter containing "a reckless factual misrepresentation" that vastly overstated the remaining

time to file. Aplt. Br. at 2. But the district court correctly determined that Mr. Drennan's reliance on this advice could not have prejudiced him because he received counsel's letter after the federal statute of limitations had already expired. *Drennan*, 2016 WL 1448481, at *2 n.2. And in any event, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

In short, the district court did not abuse its discretion in concluding Mr. Drennan failed to demonstrate entitlement to equitable tolling. More pertinent here, reasonable jurists could not debate the district court's ruling on this question, and we therefore deny a COA.

3. ***In forma pauperis***

Mr. Drennan requests to proceed under *ifp* status. "To qualify for [*ifp*] status, a petitioner must show 'a financial inability to pay the required fees' and 'a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *Scott v. Milyard*, 350 F. App'x 213, 216 (10th Cir. 2009) (unpublished) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). Mr. Drennan does neither. His financial declaration discloses that he is employed and receiving monthly gross pay of $1,100.00, and, at the time he filed his motion, Mr. Drennan's inmate account showed a balance of $1,276.56.

We therefore deny Mr. Drennan's motion to proceed *ifp* because he has not demonstrated the requisite financial hardship or presented nonfrivolous arguments to this

court.

## III. **CONCLUSION**

Mr. Drennan has failed to show that reasonable jurists could debate the district court's ruling that his § 2254 petition is time-barred and that he is ineligible for equitable tolling. Accordingly, we deny his application for a COA and dismiss this matter. We also deny his request to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge